UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CHESTER H. NOLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:06cv245 |
| | ) | |
| HORSESHOE HAMMOND, INC., | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the court on a motion to dismiss [DE 42] filed by the defendant, Horseshoe Hammond, Inc. ("Horseshoe"), on August 22, 2007. The plaintiff, Chester H. Noland ("Noland"), proceeding pro se, filed his response on September 11, 2007. Horseshoe filed its reply on September 21, 2007. On October 30, 2007, Noland filed a document entitled "Defendant Counsel Nesheba Kittling's Seven (7) Acts of Perjury".

Also before the court is a "Motion to Amend Petition for Attorney Services [DE 46] filed by Noland on September 12, 2007. Horseshoe responded to this motion on September 28, 2007, and Noland has failed to file a reply.

For the following reasons, Horseshoe's motion to dismiss will be granted and Noland's motion to amend petition for attorney services will be denied.

Discussion

The court will first address Noland's request for an attorney. Noland previously filed a request for an attorney on November 30, 2006. In an order entered June 5, 2007, Magistrate Judge Paul R. Cherry denied Noland's request, finding that "Plaintiff does not have a sufficiently strong case to warrant appointment of counsel." (June 5, 2007 Order at 3). Magistrate Cherry's

order was entered after conducting an almost hour-long hearing in which Noland was permitted to expound in great detail about his version of the facts.  Magistrate Cherry also reviewed a copy of the EEOC investigative file, which was obtained by Horseshoe pursuant to a Freedom of Information Act ("FOIA") request.

As Horseshoe notes, Noland's current motion is time-barred under Rule 72(a) of the Federal Rules of Civil Procedure.  Rule 72(a) provides, "Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made."   In the present case, Noland did not file any objections to Magistrate Cherry's order until ninety-nine days after the order had been entered.  Clearly, Noland's motion to amend is time-barred.  Sparks Tune Up Ctrs. v. Strong, 1994 U.S. Dist. Lexis 6246, *1, *10 (N. D. Ill. 1994)(holding that objection to award of sanction not raised within 10 day limitations period in Rule 72(a) was time-barred).

In any event, it is clear that Noland has failed to allege any facts warranting reconsideration of Magistrate Cherry's order.  In fact, it is apparent that Noland is simply trying to relitigate the merits of his initial petition and, therefore, Noland's present motion will be denied.  Mendelson v. Brown, 1996 U.S. App. lexis 9714, *1, *6-7 (7TH Cir. 1995)(affirming denial of motion for reconsideration).

The court will now turn to Horseshoe's motion to dismiss.  The background facts are as follows.  Noland  filed his *pro se* Complaint in this matter, which contains claims arising under Title VII of the Civil Rights Act of 1964, on July 13, 2006. On September 27, 2006, Horseshoe filed its Answer. On February 7, 2007, Horseshoe propounded its First Set of Interrogatories and

2

First Requests for Production of Documents to Plaintiff. Responses to Horseshoe's discovery requests were due on or before March 9, 2007. However, Noland failed to provide complete responses to Horseshoe's discovery requests by that date. Therefore, on May 14, 2007, after attempting on numerous occasions to obtain Noland's overdue discovery responses, Horseshoe filed a Motion to Compel Noland's discovery responses.

On June 11, 2007, the Court entered an order granting Horseshoe's Motion to Compel and requiring Noland to provide Horseshoe with his complete discovery responses by June 15, 2007 and to cooperate with Horseshoe in scheduling his deposition. Despite the Court's June 11, 2007 Order, Noland failed to provide Horseshoe with his complete discovery responses by June 15, 2007. Accordingly on June 18, 2007, Horseshoe's counsel, Nesheba Kittling, contacted Noland and advised him of the deficiencies in his discovery responses and that he was not in compliance with the Court's June 11, 2007 Order. In response to Ms. Kittling, Noland indicated that he would provide Horseshoe with his complete discovery responses by June 22, 2007. During this telephone conversation, Ms. Kittling also scheduled Noland's deposition for June 27, 2007. However prior to Noland's scheduled deposition, Noland contacted Ms. Kittling on June 21, 2007 and advised her that he no longer intended on pursuing the litigation of this matter, and he would be filing a motion to dismiss the action with the Court. Based upon this representation, Horseshoe cancelled Noland's deposition. On June 21, 2007, Ms. Kittling sent a letter to Noland, memorializing their conversation earlier that day. Ms. Kittling also included a draft motion to dismiss for Noland's convenience with her correspondence.

On July 20, 2007, after a month had passed and Noland had failed to file a motion to dismiss, Ms. Kittling attempted to contact Noland via telephone to ascertain the status of the

litigation. Ms. Kittling was unable to reach Noland and left a voicemail message for him. Noland returned Ms. Kittling's telephone call on July 23, 2007 and left her a voicemail message in which he indicated for the second time that he no longer intended on pursuing this matter and would file a motion to dismiss with the Court by the afternoon of July 25, 2007. In reliance upon Noland's repeated representations that he would be moving to dismiss this case, Horseshoe did not pursue its efforts to obtain complete discovery responses or to take Noland's deposition. Moreover, Horseshoe did not bring this matter to the Court's attention earlier based upon Noland's repeated statement that he would be filing a Motion to Dismiss. To date, Noland has not provided complete responses to Horseshoe's discovery requests, in violation of the Court's June 11, 2007 Order or otherwise taken any steps to prosecute this matter.

Federal Rule of Civil Procedure 41(b) provides courts with the power to "'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'" Shields v. Shearson Loeb Rhoades, Inc., Case No. 92-1425, 1993 U.S. App. LEXIS 223, *1, *6 (7th Cir. 1993) (quoting Link v. Wabash Railroad Co., 370 U.S. 626, 630 (1962)). The court may dismiss an action for "failure of the plaintiff to prosecute or to comply with...any order of court...." Fed. R. Civ. P. 41(b). Moreover, "[t]otal inactivity is a sufficient basis for dismissal; a plaintiff need not overtly disobey a court order or miss court dates before dismissal is justified." Id. at *6-7.

Furthermore, where a party fails to obey an order to provide discovery, a court may dismiss the action. Fed. R. Civ. P. 37(b)(2)(C). In dismissing an action under Rule 37, a court is not required to identify a pattern of discovery abuses. Sharpe v. Village of Fox Lake, 176 Fed. Appx. 694, 696-697 (7th Cir. 2006). Although the court must make a finding of willfulness, bad

4

faith or fault to justify a Rule 37 dismissal, such a finding may be inferred from the sanction order itself. Id.

In support of its motion to dismiss, Horseshoe argues that because Noland has failed to prosecute this matter and will fully failed to comply with the Court's June 11, 2007 Order requiring him to provide complete responses to Horseshoe's discovery requests, dismissal of his complaint with prejudice is appropriate. Allen v. Stuart-Ironsides, Inc., 1995 U.S. App. LEXIS 34007, *1, *4 (7th Cir. 1995).

In his response to the motion to dismiss Noland engages in a personal attack on several attorneys involved in this case. However, Noland fails to address the issue before the court, i.e. his failure to timely prosecute his case and comply with the Court's June 11, 2007 Order. Although Noland now expresses a desire to litigate his claims, this court agrees with Horseshoe that Noland has presented "too little, too late". In fact, Noland is exacerbating the court's displeasure with his dilatory conduct in this case by attempting to improperly insert new "facts" into the case via his response to the motion to dismiss. Sterling v. Kazmierczak, 983 F. Supp. 1186, 1189 (N.D. Ill. 1997)(a plaintiff may not allege new facts, expand his case, or allege new claims not contained in his complaint in response to the motion to dismiss).

As Noland has failed to file a satisfactory response to the motion to dismiss and has essentially conceded that he has failed to timely prosecute his case, Horseshoe's motion to dismiss will be granted.

<u>Conclusion</u>

Based on the foregoing, Horseshoe's motion to dismiss [DE 42] is hereby GRANTED.

Further, Noland's "Motion to Amend Petition for Attorney Services [DE 46] is hereby DENIED.

Entered: November 29, 2007.

<u>s/ William C.  Lee</u><br>
William C. Lee, Judge<br>
United States District Court